UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZZARD CHARLES ELLIS,<br><br>        Petitioner,<br><br>    v.<br><br>C.M. HARRISON,<br><br>        Respondent. | Case No. EDCV 05-0520 SJO (JEM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY |

      Pursuant to 28 U.S.C. Section 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation of the United States Magistrate Judge.  Petitioner, through his counsel at the Federal Public Defender's Office, has filed Objections to the Court's April 19, 2016 Report and Recommendation ("R&R"), which recommends denial of the pending habeas petition and dismissal of this case.  (See Docket Nos. 85 (R&R) and 90 (Objections).)  The Court has engaged in a de novo review of those portions of the R&R to which Petitioner has objected.

      Notwithstanding Petitioner's Objections, the Court accepts the findings and recommendations of the Magistrate Judge.

**PETITIONER'S OBJECTIONS**

The gravamen of the Objections is that the R&R mistakenly analyzed Petitioner's primary ground for relief, Claim One(a) of the Petition. Petitioner states that "Claim One(a) [ ] alleges that he was deprived of his right under the Sixth Amendment to the effective assistance of counsel because his trial counsel's deep racial prejudice against his client created an actual conflict of interest." (Objections at 1.) Petitioner goes on to state that "[t]o give an African-American defendant a legal defender who harbors nothing but 'deep and utter contempt for African Americans' . . . is to subvert the rules of justice as they stood at the time of [Petitioner's] conviction." (Objections at 6, citing Mayfield v. Woodford, 270 F.3d 915, 939 (9th Cir. 2001) (Graber, J., dissenting).) Petitioner also states that he is "not trying prove his actual innocence; he [is] trying to prove he had received an unfair trial because his counsel's racism placed him in conflict with his African-American client." (Objections at 7.)

The Court construes the Objections essentially to raise five issues:

(1) The "Factual Background" of the R&R improperly included the Magistrate Judge's own review of the record in addition to facts explicitly found by the California state courts;

(2) The R&R failed to determine whether AEDPA's deferential standard of review should apply to review of Claim One(a), or whether it should be reviewed de novo;

(3) The R&R improperly "conflated" its review of Claim One(a) under Teague v. Lane, 489 U.S. 288 (1989), with the standard of review set forth at 28 U.S.C. § 2254(d);

(4) The R&R improperly determined that habeas relief on Claim One(a) would necessitate creation of a "new rule" that would contravene Teague; and

(5) Petitioner is entitled a Certificate of Appealability.

Petitioner argues that "[b]ecause [Petitioner] has shown that 28 U.S.C. § 2254 does not apply to his claim [Claim One(a)] – or alternatively, that its requirements are met – and because he has shown that the applicable law is retroactive under sufficient federal

1  precedent, the Report should be rejected and/or amended.  Alternatively, because the claim
2  is at least debatable among jurists of reason, this Court should issue a certificate of
3  appealability."  (Objections at 1-2.)

**DISCUSSION**

Petitioner's objections to the "Factual Background" are conclusory and unavailing. This case has a long procedural history and, in order to make the various factual summaries from the state courts and the omitted records of pertinent facts coherent and readable, the R&R combined facts that were "found" by the state courts with facts evidenced in the record.  Petitioner does not challenge any particular "finding of fact," and the R&R does not rely on any facts set forth in the factual background as "state court findings of fact."  The R&R merely summarizes the factual background of the case based on an "independent review" of the record.  Because Petitioner does not take issue with any particular "fact" in the R&R, his objections to the factual background are without merit.

Contrary to Petitioner's objection that the R&R never ruled on his contention that Claim One(a) should be reviewed de novo because the state courts did not properly adjudicate the claim on the merits, the R&R explicitly found that the state courts had reached the merits of Claim One(a) and, therefore, the claim would be reviewed under the AEDPA standard.  (See R&R at 23.)  The R&R also noted, at the end of the discussion of the merits of Claim One(a), that even if the claim was reviewed de novo, it must still be denied.  (See R&R at 37-38.)

Petitioner's complaints that the R&R "conflated" its analysis of the Teague issue and its review under § 2254(d) are conclusory, belied by the R&R, and unavailing in any event. The R&R roughly framed the new "rule" proposed by Petitioner as stating that, where defense counsel has been shown to personally hold racist views, whether expressed to the defendant or not during the course of the representation, a per se conflict of interest would be created that would allow for habeas relief under Cuyler v. Sullivan, 446 U.S. 335, 345

(1980), without any need to show that defense counsel was ineffective under the two-prong standard set forth in Strickland v. Washington, 446 U.S. 668, 690 (1984). The R&R explicitly found that Petitioner's proposed rule would be a "new rule" and would therefore be barred by Teague. (See R&R at 35.) The R&R also found that Claim One(a) must fail under § 2254(d) (see R&R at 35-37) and under de novo review (see R&R at 37-38). Consequently, whatever complaints Petitioner might have about the form or methodology of the R&R, it explicitly made conclusions based on Teague, § 2254(d), and a de novo review of Claim One(a).

Petitioner's argument in Ground One(a) – that his case is analogous and should be governed by the standard set forth in Cuyler – is not colorable. There is no doubt that Cuyler cannot be extended to Petitioner's case.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For the reasons stated in the R&R and herein, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

### ORDER

IT IS ORDERED that: (1) the Petition for Writ of Habeas Corpus is denied; (2) Judgment shall be entered dismissing the action with prejudice; and (3) a Certificate of Appealability is denied.

DATED: July 26, 2016

*S. James Otero*

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE